UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KILROY WAS HERE, LLC., a Missouri Limited Liability Company, et al, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:18-cv-02157-SNLJ |
| STARR INDEMNITY AND LIABILITY COMPANY, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiffs' motion to remand (#14). The motion has been fully briefed. For the following reasons, this Court will **GRANT** plaintiffs' motion to remand, the matter is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri.

## I. BACKGROUND

The eleven plaintiffs in this case have joined together to seek remand. They make up two distinct groups with differing claims. Plaintiffs Kilroy Was Here, LLC. and its principals, Arthur and Brenda Randall, have filed claims against defendant Brian McBrearty based on negligent legal malpractice (Count IV) and breach of fiduciary duty (Count V), and against Starr for vicarious liability as to McBrearty's wrongdoing (Count VI). The remaining eight plaintiffs—Janet Martinez, Kurt Volk, Kelly Volk, John DeSousa, Barbara Estivo, Jeffrey Maxvill, Tammy Hinds, and Shelly Goodman—have filed claims solely against defendant Starr Indemnity and Liability Company for bad faith

1

failure to settle (Count I), negligent claims handling / failure to settle (Count II), and breach of fiduciary duty (Count III).

In a state court action preceding this one, the eight plaintiffs had originally asserted claims against Kilroy, who was Starr's insured at the time. Those claims arose after a wind-related incident occurred at a restaurant owned by Kilroy, which produced a number of serious injuries and, in one case, death. Starr retained McBrearty to represent Kilroy. At some point, the eight plaintiffs offered to settle the case with Kilroy for $720,100.00, which was under the policy limits of $1,000,000.00. Kilroy then demanded that Starr settle the case for that amount, but Starr declined. The case proceeded to trial and the eight plaintiffs were awarded a net verdict (after set-offs for prior settlements) of $3,419,454.60—well in excess of the policy limits. Shortly thereafter, the eight plaintiffs and Kilroy entered into an "assignment of claims contract," in which the eight plaintiffs agreed to enforce their judgment solely against insurance proceeds or "directly from any assets of Starr." In consideration, Kilroy assigned any claims it may have against Starr to the eight plaintiffs. Though the verdict was appealed, it was later affirmed by the Missouri Court of Appeals in April 2018. *See Martinez v. Kilroy Was Here, LLC*. 551 S.W.3d 491 (Mo. App. E.D. 2018).

Thus, in the immediate case, the claims by both groupings of plaintiffs pertain to the events of the preceding case. Kilroy and the Randalls narrowly target McBrearty's purported malpractice and breach of fiduciary obligations. Whereas, the eight plaintiffs, who were assigned Kilroy's rights, continue to pursue the insurance-related claims against Starr.

Specifically, Kilroy and Randalls' claims against McBrearty involve allegations that McBrearty failed to appropriately respond to a conflict of interest that arose between himself, Starr, and Kilroy. They state McBrearty ultimately "placed his own interest and/or the interests of Starr" above Kilroy when "refusing to demand Starr protect Kilroy[] by settling the underlying plaintiffs' claim." Among other things, it is alleged that McBrearty is liable for having "[made] the decision to reject the underlying plaintiffs' offer," in "failing to properly defend the claims against Kilroy," in "failing and refusing to advise Kilroy[] that a conflict of interest existed," and "in allowing the entire policy limits to be expended without obtaining a release from anyone[.]"

The eight plaintiffs, meanwhile, assert that Starr had a duty to put Kilroy's interests above its own and that, by refusing to settle, Starr was both negligent in handling claims against Kilroy and acted in bad faith. They explain that "Starr had the power to settle the underlying action," but "refused to settle within the policy limits" in order to put its own interests above that of its insured.

The narrow issue presently before this Court—whether to remand this case back to state court—focuses on the appropriateness of McBrearty being named a party-defendant. His inclusion, if allowed, destroys diversity, as both he and several plaintiffs are Missouri citizens. *See* 28 U.S.C. § 1332(a). Starr notes the two groupings of plaintiffs are "strange bedfellows," having at one point opposed each other and now electing to join together in an apparent effort to defeat federal jurisdiction. Starr goes on to argue that Kilroy and Randalls' claims against McBrearty have been fraudulently joined. In support, Starr argues Kilroy and the Randalls cannot maintain a legal malpractice claim against

3

McBrearty because "the asserted claims are grounded in the wholly untenable proposition that defense counsel retained by an insurance company … can force the insurance company to accede to [a] settlement demand[.]" Starr also argues Kilroy and the Randalls "suffered no damages regarding the claims against McBrearty, which is an essential element of any claim." Finally, Starr argues the breach of fiduciary duty claim against McBrearty must fail because Missouri law permits an action for breach of fiduciary duty "only where the alleged breach is independent of any legal malpractice."

## II. ANALYSIS

Fraudulent joinder is defined as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk Southern Ry. Co.,* 336 F.3d 806, 809 (8th Cir. 2003). "Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.* at 810 (*quoting Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). A plaintiff "cannot defeat a defendant's right of removal by joining a defendant who has 'no real connection to the controversy.' " *Herkenhoff v. Supervalu Stores, Inc.*, 2014 WL 3894642 at *2 (E.D. Mo. Aug. 8, 2014) (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)). "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla*, 336 F.3d at 810 (*citing Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977) (emphasis in original)). However, if there is a "colorable" cause of action against the defendant, "that is, if the state law might impose

liability on the resident defendant under the facts alleged" then there is no fraudulent joinder. *Id*.

On the issue of McBrearty's partial liability, Starr's main argument is that McBrearty could not "force" it to accept the underlying settlement demand. But, that issue is simply one small factor in the total scheme of Kilroy and Randalls' theory of liability. As mentioned, it is also claimed that McBrearty could have done more in his representation—among other things, to avoid conflicts of interests as they became apparent and to engage in more diligent (and/or competent) advocacy in trying to persuade Starr of the necessity for a settlement. In fact, the claims against McBrearty go so far as to suggest he, himself, made the decision not to settle. Thus, even if the decision is ultimately Starr's as a matter of law, that does not mean that McBrearty factually had no hand in helping to sway that decision or was not otherwise delegated the responsibility of deciding. This Court sees no reason why such claims cannot potentially survive under the current framework of Missouri law, which tests diligence and competency in a myriad of ways to include giving bad advice or simply failing to take necessary actions. *See generally Klemme v. Best*, 941 S.W.2d 493, 495-496 (Mo. banc. 1997).

Next, this Court turns to the issue of damages. Starr says matter-of-factly that Kilroy has suffered no damages because it was able to limit its exposure by entering into the assignment contract with the eight underlying plaintiffs, which "insulated [Kilroy] from enforcement of the judgment against [it.]" Once again, this argument is too myopic. It ignores the possibility that injuries for legal malpractice might include more than the direct litigation exposure a client faced as a result of an attorney's malpractice. Mallen

5

and Smith's treatise on legal malpractice, the same treatise the Missouri Supreme Court relied on in *Klemme*, identified a number of potential categories of damages flowing from these claims, to include reputational harm, lost profits, expenses of mitigation, expenses of collateral litigation, emotional distress, economic loss, and expenses of the malpractice action itself. *See* Ronald E. Mallen and Jeffrey M. Smith, LEGAL MALPRACTICE, §§ 21:10-21:24 (2019); *see also Klemme*, 941 S.W.2d at 495-496. And, though not all of these categories appear to have been considered by Missouri courts, there are at least a few that have—with the overall conclusion being that the concept of damage in a legal malpractice claim is broader than merely what the result of the underlying litigation was. *See, e.g., Meyer v. Purcell*, 405 S.W.3d 572, 578 (Mo. App. E.D. 2013) (permitting claim against defendant-attorney for attorney fees incurred in collateral litigation); *EnerJex Resources, Inc. v. Haughey*, 453 S.W.3d 830, 835 (Mo. App. W.D. 2014) (entertaining, but denying, former client's claimed lost profits as damages flowing from defendant firm's alleged malpractice related to a failed public stock officering where there was no showing of past profitability, thus causing the damages to be too speculative). Accordingly, *Filla*—which asks only whether "state law *might* impose liability"—would counsel that plaintiffs be given the benefit of the doubt in attempting to obtain these categories of damages against McBrearty, should they be provable. *See Filla*, 336 F.3d at 810.

Having found that there is no fraudulent joinder, there is no need for this Court to decide Starr's final argument that Kilroy and Randall's constructive fraud / breach of

fiduciary duty count (Count V) cannot survive in conjunction with their negligence count (Count IV) under Missouri law.

## III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand (#14) is **GRANTED**. This matter is hereby **REMANDED** to the Circuit Court for the City of St. Louis, Missouri. An order of remand will follow.

So ordered this 21st day of March 2019.

                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE